UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 5:10-CV-05720-EJD |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| THAO XUAN VO and YOUNG NG NGUYEN, individually and d/b/a Vong Cat, | |
| Defendant. | |

Plaintiff G & G Closed Circuit Events, LLC moves for entry of default judgment in the amount of $111,200.00 against Defendant Young Ng Nguyen,[1] individually and d/b/a Vong Cat. Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. §§ 553 and 605 and for conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on December 16, 2011. For the reasons discussed below, the motion will be granted in part.

## I. BACKGROUND

### A. Factual History

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a December 19, 2009 fight between Cung Le and Scott Smith, together with undercard

---

[1] In this Order, all instances of the singular form of the word "Defendant" refer to Young Ng Nguyen.

1

Case No.: 5:10-CV-05720-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

bouts, televised replay, and color commentary (collectively, the "Program"). Plaintiff then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Jeff Kaplan, an investigator hired by Plaintiff, observed an exhibition of the Program in Vong Cat. Defendants had not obtained a sublicense, so they were not entitled to exhibit the Program. Kaplan entered the premises without paying a cover charge and observed the Program on four televisions. Decl. of Affiant at 2, August 4, 2011, ECF No. 22 attachment no. 3. Between 8:51 p.m. and 8:54 p.m., he performed three headcounts, noting the presence of twenty persons during each count. Id. at 1-2. The declaration indicates that the capacity of Vong Cat is forty persons and does not indicate whether Kaplan observed a satellite dish or a cable box. Id.

### B. Procedural History

Plaintiff filed the instant action on December 15, 2010. After Defendant Young Ng Nguyen was served with process and failed to respond, ECF No. 13, Plaintiff moved for entry of default and served the motion by mail. ECF No. 19. The clerk entered default on June 9, 2011. ECF No. 20. Plaintiff moved for default judgment on August 4, 2011, and has provided proof of service indicating that a copy of the notice and application for default judgment were mailed to Defendant. ECF No. 22. Defendant did not appear at the hearing.

## II. DISCUSSION

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).

In the complaint, Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii),

2
Case No.: 5:10-CV-05720-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

$10,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $50,000 in enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B), and damages for conversion in an amount according to proof. On the instant motion for default judgment, Plaintiff seeks the damages under § 605 rather than § 553. Still, the court analyzes whether damages under § 605 are appropriate.

**A. Whether to Apply 47 U.S.C. § 605 or 47 U.S.C. § 553**

Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.' " Cal. Satellite Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing Nat'l Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. Compl. ¶¶ 10-13.

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Prods., Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D.Cal. Nov. 13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)). The pleadings do not allege that Defendant intercepted a satellite broadcast, and Kaplan does not state that he observed a satellite dish at Vong Cat. Decl. of Affiant at 2, August 4, 2011, ECF No. 22 attachment no. 3. Plaintiff contends that it has been unable to ascertain whether Defendant utilized a satellite dish only because Defendant has refused to answer and appear in the instant case. Nonetheless, the Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

However, the complaint also asserts a claim under 47 U.S.C. § 553, which prohibits a person from "intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system." § 553(a)(1). While Kaplan does not state that he observed a cable box, Decl. of Affiant at 2, August 4, 2011, ECF No. 22 attachment no. 3, it is established for purposes of this motion that Defendant intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish. Accord J & J Sports Prods., Inc. v. Guzman et al., 3:08-cv-05469-MHP, 2009 WL 1034218, at *2 (N.D. Cal. April 16, 2009).

3

Case No.: 5:10-CV-05720-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Accordingly, the court construes this motion as seeking damages under § 553, and awards damages accordingly.

### 1. Statutory Damages Pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)

An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii). A court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). Plaintiff requests $10,000, noting that at least two other district courts have awarded that amount under circumstances similar to those present in this case. See J & J Sports Prods., Inc. v. Flores, No. 1:08-cv-0483 LJO DLB, 2009 WL 1860520, at *2 (E.D. Cal. June 26, 2009) (awarding $10,000 in damages for violation of § 605(a) in an establishment without a cover charge and serving thirty-five people); J & J Sports Prods., Inc. v. George, No. 1:08cv090 AWI DLB, 2008 WL 4224616, at *2 (E.D. Cal. Sept. 15, 2008) (awarding $10,000 in damages for violation of § 605(a) in an establishment without a cover charge and serving thirty people). Plaintiff contends that the maximum award against Defendant is necessary to deter future violations.

Plaintiff has presented evidence that the establishment's capacity is forty persons, that the establishment served twenty persons during each of Kaplan's three headcounts, and that the Program was shown on four televisions. Having considered all of the evidence presented, the Court finds that an award of $2,400 is appropriate under the circumstances.

### 2. Enhanced Damages Pursuant to 47 U.S.C. § 553(c)(3)(B)

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000."

Plaintiff alleges that Defendant's interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 14. Allegations in the complaint, though admitted against the defaulting party, do not bind the Court in exercising its discretion to award damages. This is particularly true when the allegation is conclusory.

In light of the facts established—that Kaplan observed twenty people present at each of the three headcounts, the Program was shown on four televisions, and there was no cover charge—the

4
Case No.: 5:10-CV-05720-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Court concludes that this is not an appropriate situation for the discretionary imposition of enhanced damages.

### 3. Costs and Fees

Though § 553 allows the Court to award costs and fees, the Plaintiff has submitted no accounting of either. In the absence of any basis on which to calculate costs or reasonable fees, and since Plaintiff is already awarded more than its actual damages, the Court elects not to award costs or attorney's fees.

### B. Damages for Conversion

The facts alleged in the complaint are sufficient to establish that Defendant's screening was inconsistent with Plaintiff's ownership of the right to control the exhibition the Program. The complaint is therefore sufficient to establish that Defendant is liable for the tort of conversion. See Culp v. Signal Van & Storage, 298 P.2d 162, 142 Cal. App. 2d Supp. 859, 862 (Cal. App. Dep't Super. Ct. 1956). Pursuant to Cal. Civ. Code § 3336, Defendant would be liable for the value of the property at the time of the conversion. As stated in the Motion for Default Judgment, the amount Defendant would have been required to pay had the Program been ordered from Plaintiff is $1,200. Pl.'s Mem. P. & A. ISO Mot. Default J. at 22, Aug. 4 2011, ECF No. 22 attachment no. 1.

But conversion damages are inappropriate in this case. Federal law arguably preempts a state-law conversion claim like Plaintiff's, see Joe Hand Promotions, Inc. v. Patton, 10–40242–FDS, 2011 WL 6002475, at *5 (D. Mass. Nov. 29, 2011), but the court need not reach the preemption issue here. Because Plaintiff is awarded statutory damages in excess of actual damages, any additional award would constitute a double recovery. Section 553(c)(3)(A) allows for recovery of either 1) plaintiff's actual damages plus defendant's profits attributable to the violation, or 2) statutory damages between $250 and $10,000, as described above. Plaintiff is already being awarded statutory damages for the injury caused by the conversion, instead of—and in excess of—its actual damages. It should not be allowed to recover an additional amount equal to its actual damages merely because it also pleads a state law cause of action. See Joe Hand Promotions, Inc. v. Rajan, No. 10-40029, 2011 WL 3295424, at *7 (D. Mass. July 28, 2011) ("The injury Plaintiff

sustained in the § 553 claim and the conversion claim is the same, and awarding damages under conversion would amount to overcompensation.").

### III. CONCLUSION

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment is GRANTED IN PART. Plaintiff shall be entitled to recover $2,400 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii).

**IT IS SO ORDERED.**

Dated: March 15, 2012

_____
EDWARD J. DAVILA
United States District Judge