1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, ) | Case No. 5:10-CV-05720-EJD |
| ) | |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S** |
| ) | **MOTION TO ALTER OR AMEND** |
| v. ) | **JUDGMENT.** |
| ) | |
| THAO XUAN VO and YOUNG NG NGUYEN, ) | |
| individually and d/b/a Vong Cat, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff G & G Closed Circuit Events, LLC  ("Plaintiff") brought the instant action for

conversion and unlawful interception of a telecast against Defendant Young Ng Nguyen,[1] both

individually and doing business as Vong Cat. Defendants did not respond to the complaint, and

default was entered against them.

On March 15, 2012, the Court granted default judgment in favor of Plaintiff, awarding

$2400 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii).  Plaintiff now moves to alter

or amend the judgment, claiming that the Court committed clear error by awarding statutory

damages under 47 U.S.C. § 553 rather than 47 U.S.C. § 605, which provides for greater minimum

statutory damages. Plaintiff also contends that the amount awarded was insufficient to deter future

---

[1] In this Order, all instances of the singular form of the word 'Defendant' refer to Young Ng
Nguyen.

1

Case No. 5:10-CV-05720-EJD
ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT.

1    violations, and that damages for conversion should have been granted. Defendant(s) have not filed

2    any documents to oppose Plaintiff's motion.

3                                               **I. BACKGROUND**

4            **A. Factual History**

5            Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to

6    broadcast a December 19, 2009 fight between Cung Le and Scott Smith, together with undercard

7    bouts, televised replay, and color commentary (collectively, the "Program"). Plaintiff then entered

8    into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees

9    to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by

10   means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that

11   transmission.

12           On the day of the broadcast, Jeff Kaplan, an investigator hired by Plaintiff, observed an

13   exhibition of the Program in Vong Cat. Defendants had not obtained a sublicense, so they were not

14   entitled to exhibit the Program. Kaplan entered the premises without paying a cover charge and

15   observed the Program on four televisions. See, Decl. of Jeff Kaplan at 2, August 4, 2011, ECF No.

16   22, attachment no. 3 ('Kaplan Decl'). Between 8:51 p.m. and 8:54 p.m., he performed three

17   headcounts, noting the presence of twenty persons during each count. Id. at 1-2. The declaration

18   stated that the capacity of Vong Cat was forty persons and did not state whether Kaplan observed a

19   satellite dish or a cable box. Id.

20           **B. Procedural History**

21           Plaintiff filed the instant action on December 15, 2010. After Defendant Young Ng Nguyen

22   was served with process and failed to respond, Plaintiff moved for entry of default and the clerk

23   entered default on June 9, 2011. See, Entry for Default, ECF No. 20. Plaintiff moved for default

24   judgment on August 4, 2011, which was granted on March 15, 2012 ('Order').

25                                               **II. DISCUSSION**

26           Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend judgment

27   may be granted if "the district court is presented with newly discovered evidence, committed clear

28   error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v.

*United States District Court*
*For the Northern District of California*

2

1    Arnold, 179 F.3d 656, 665 (9th Cir.1999). Rule 59(e) "offers an extraordinary remedy, to be used

2    sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v.

3    Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).

4         Plaintiff now moves to alter or amend the judgment, claiming that the Court committed

5    clear error with respect to damages under the various heads discussed below.

6         **A.  Whether to 47 U.S.C. § 605 or 47 U.S.C. § 553 applies**

7         Plaintiff filed claims under both 47 U.S.C. § 605, which applies to the interception of

8    "radio" communications, and 47 U.S.C. § 553, which applies to the interception of a cable

9    communications. This Court concluded that because the pleading did not allege that Defendants

10   used a satellite dish to intercept the broadcast, [2] the factual allegations were insufficient to support

11   an award of damages under 47 U.S.C. § 605.[3]

12        Plaintiff acknowledges that there is a split of authority even within the district as to whether

13   47 U.S.C. § 605 applies in cases such as the present. See, Motion to Alter Judgment, at 4, ECF No.

14   26.  Indeed, several other courts in this district have reached the same conclusion as this Court, i.e.,

15   that "plaintiffs must allege facts sufficient to establish interception by satellite in order to receive

16   an award under 47 U.S.C. § 605." See, J & J Sports Productions, Inc. v. Aviles, No. 5:10–cv–

17   04213–JF/HRL, 2011 WL 3652621 at *1, N.D.Cal., Aug. 19, 2011; J & J Sports Prods. Inc. v. Ro,

18   No. 09–02860 WHA, 2010 WL 668065 (N.D.Cal. Feb.19, 2010); J & J Sports Prods. Inc. v.

19   Guzman, No. 08–5469 MHP, 2009 WL 1034218 (N.D.Cal. April 16, 2009); J & J Sports Prods.

20   Inc. v. Manzano, No. 08–1872 RMW, 2008 WL 4542962 (N.D.Cal. Sept.29, 2011).

21        Given the above authority, and because Plaintiff has not met its burden of showing that the

22   Court committed clear error in awarding damages solely under 47 U.S.C. § 553, Plaintiff's

23   argument is rejected.

24

25

26   [2] The pleadings did not allege that Defendant intercepted a satellite broadcast, and Kaplan did not
     state that he observed a satellite dish at Vong Cat. See, Kaplan Decl.,ECF No. 22 attachment no. 3.

27   [3] However, as it was undisputed that Defendant intercepted the broadcast by some means, and a
28   cable box is more easily hidden than a satellite dish, the Court concluded that damages under 47
     U.S.C. § 553 were more appropriate. See, Order at 2.

Case No. 5:10-CV-05720-EJD
ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**B. Damages awarded under 47 U.S.C. § 553 are not insufficient, nor should such**

2

**damages be enhanced**

3    This Court awarded Plaintiff $2,400 in statutory damages under 47 U.S.C. §

4    553(c)(3)(A)(i). In the present motion, Plaintiff argues: (1) that this statutory amount ($2,400) is

5    insufficient, and (2) that the Court should have awarded 'enhanced damages' (which it did not).

6    Plaintiff made arguments on both (1) and (2) in its motion for default judgment. See,

7    Motion for Default Judgement, at 10-18 ECF No. 22-1.  An oral hearing was also afforded to

8    Plaintiff to address these arguments.

9    While Plaintiff primarily cited § 605 in its default judgment motion, Plaintiff acknowledges

10   that the arguments with respect to § 605 are equally applicable with respect to § 553. See, Motion

11   to Alter Judgment, at 5, Fn 2, ECF No. 26.

12   Accordingly, the Court finds that there is no clear error because the arguments raised at the

13   default motion on December 16, 2011 are those also now before the Court in the present motion to

14   alter or amend judgment. They need not be addressed again.  As such, and in the interests of

15   "finality and conservation of judicial resources," the Court rejects Plaintiff's arguments under 47

16   U.S.C. § 553.  See generally, Kona Enters., Inc. F.3d 877, 890 (9th Cir.2000).

17   **C. Damages For Conversion**

18   Plaintiff raises one final argument with respect to conversion. That is, that any additional

19   damages for conversion would not constitute double recovery.  In reviewing this argument, the

20   Court observes the following judgments, J & J Sports Productions, Inc. v. Wood, No. C 11–1160

21   PJH, 2012 WL 33258 (N.D.Cal. Jan. 6, 2012) (awarding $2,000 in statutory damages, $5,000 in

22   enhanced damages and $2,000 for conversion); Joe Hand Promotions, Inc. v. Dang, 2011 WL

23   6294289 2011 WL 6294289 (N.D.Cal. Dec. 14, 2011) (awarding $1,100 in conversion damages in

24   addition to $7,000 in statutory damages and $1,000 in enhanced statutory damages); J & J Sports

25   Productions, Inc. v. Paolilli, No. 1:11–cv–00680 LJO GSA, 2012 WL 87183 (E.D.Cal., Jan. 9,

26   2012) (awarding $6,200 in conversion damages in addition to $10,000 in statutory damages and

27   $30,000 in enhanced damages);  Theme Promotions, Inc. v. News America Marketing FSI, 546

28   F.3d 991, 1005-06 (9th Cir. 2008) (upholding an award of compensatory damages for federal

4

Case No. 5:10-CV-05720-EJD
ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT.

1   antitrust violations and California tort law), and <u>Nintendo of Am., Inc. v. Dragon Pac. Int'l</u>, 40 F.3d

2   1007, 1010 (9th Cir. 1994), cert. denied sub nom. <u>Sheng v. Nintendo of Am., Inc.</u>, 115 S. Ct. 2256

3   (1995) (awarding both Lanham Act actual damages and Copyright Act statutory damages.)

4        The Court observes that these cases were not cited, nor appear to have been argued at the

5   oral hearing for motion for default judgment. However, since the two Northern District of

6   California decisions were handed down after Plaintiff's motion for default judgment was filed –

7   and not argued before this Court by Plaintiff in the motion for default motion – the Court amends

8   the award with respect to conversion damages, and finds that Plaintiff should be awarded $1,200.

9   **III. CONCLUSION**

10       IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED IN PART.  Plaintiff shall

11  be entitled to recover damages for conversion to the sum of $1,200.   The Court shall file an

12  amended judgment reflecting the modification.

14  Dated: August 22, 2012

15  _____

16  EDWARD J. DAVILA
    United States District Judge

On left margin: **United States District Court** For the Northern District of California

5

Case No. 5:10-CV-05720-EJD
ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT.